JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00925-KK-DTBx** | | Date: | May 27, 2026 |
|---|---|---|---|---|
| Title: | ***Mariebel Corpuz Galban v. Carrrington Mortgage Services, LLC*** | | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I.
## PROCEDURAL HISTORY

On February 26, 2026, plaintiff Mariebel Corpuz Galban ("Plaintiff") commenced this action by filing a complaint against defendant Carrington Mortgage Services, LLC ("Defendant"), asserting claims related to Defendant's foreclosure of Plaintiff's property. ECF Docket No. ("Dkt.") 1. On March 24, 2026, the Court issued an Order Setting Scheduling Conference, requiring the parties "to confer on a discovery plan not later than twenty-one (21) days before the scheduling conference" and to file a Joint Rule 26(f) Report by April 23, 2026. Dkt. 11 at 1-2. The Court warned the parties that failure "to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions." Id.

On April 21, 2026, Plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. 13, FAC. On April 23, 2026, Defendant filed a Rule 26(f) Report without Plaintiff's input because Defendant was unable to make contact with Plaintiff. Dkt. 14. Thus, because Plaintiff was in violation of the Court's March 24, 2026 Order, on April 24, 2026, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed and/or sanctions imposed for failure to prosecute and/or comply with Court orders. Dkt. 15. The Court expressly warned Plaintiff that "**failure to timely file a response to this Order <u>will</u> result in this action being dismissed without prejudice and/or other sanctions, including monetary sanctions, for failure to prosecute and comply with Court orders**." Id. at 1 (emphasis in original) (citing Fed. R. Civ. P.

---

JS-6

41(b)).  The Court further ordered the parties to meet and confer and file a Joint Rule 26(f) Report "no later than seven (7) days from the date of this Order."  Id. at 2.

On May 1, 2026, Defendant's counsel filed a declaration stating she was unable to make contact with Plaintiff regarding the Joint Rule 26(f) Report.  Dkt. 18 ¶¶ 6-7.

On May 6, 2026, Plaintiff filed a response to the Court's April 24, 2026 Order to Show Cause, stating she "did not intentionally avoid communication with Defendant's counsel" and requesting "a reasonable extension of time to complete and file" the Joint Rule 26(f) Report.  Dkt. 20 at 1-2.  Therefore, on May 7, 2026, the Court ordered the parties to meet and confer and file a Joint Rule 26(f) Report no later May 18, 2026.  Dkt. 21.  The Court again expressly warned Plaintiff that "failure to comply with this Order will result in sanctions, including dismissal for failure to prosecute and/or comply with Court Orders."  Id.

On May 18, 2026, Defendant's counsel filed a declaration stating she was, once again, unable to make contact with Plaintiff regarding the Joint Rule 26(f) Report.  Dkt. 23 ¶¶ 9-10.

To date, Plaintiff has not filed the Joint Rule 26(f) Report or otherwise cooperated in preparing the Report.  Plaintiff, therefore, remains in violation of the Court's March 24, 2026 Order and is now in violation of the Court's May 7, 2026 Order, as well.  Dkt. 21.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders.  See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order).  In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Despite having been granted several extensions to file the Joint Rule 26(f) Report, Plaintiff has not cooperated in preparing the Report.  Dkts. 11, 15, 21.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays

JS-6

prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been repeatedly: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so.  See dkts. 11, 15, 21.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown Plaintiff is either unwilling or unable to comply with court orders by failing to cooperate in prosecuting this action, especially in light of her apparent ability to file responsive documents.  See dkts. 20, 22.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly and repeatedly warned Plaintiff about the possibility of dismissal, see dkts. 15, 21.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

**IT IS SO ORDERED.**